**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| NANCY B. MILLER. | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO. |
| | * | _____-CV_____ |
| v. | * | **DEMAND FOR JURY TRIAL** |
| | * | |
| GEORGIA PUBLIC DEFENDER | * | |
| STANDARDS COUNCIL, as it | * | |
| Governs, manages, and control the | * | |
| CHATTAHOOCHEE CIRCUIT | * | |
| PUBLIC DEFENDER'S OFFICE, | * | |
| OMOTAYO B. ALLI, in her individual | * | |
| and official Capacities as Director | * | |
| of the Georgia Public Defender | * | |
| Standards Council, | * | |
| and MOFFETT FLOURNOY, in his | * | |
| Individual and Official Capacities | * | |
| as Circuit Public | * | |
| Defender for the Chattahoochee | * | |
| Judicial Circuit | * | |

**PLAINTIFF'S COMPLAINT**
**FOR DAMAGES AND EQUITABLE RELIEF**

COMES NOW, NANCY B. MILLER, Plaintiff by and through her attorney of record and files this Complaint pursuant to the Federal Rules of Evidence and shows this Honorable Court as follows:

**INTRODUCTION**

1.

Plaintiff has been employed as an attorney with the Chattahoochee Judicial Circuit Office of the Public Defender since 2006. She has been regularly and repeatedly discriminated against by Moffett Flournoy (since he assumed the position) as Chief Public Defender because of her race and gender, and retaliated

against for engaging in protected activity of reporting a racially discriminatory practice and position of the Chief Assistant Steve Craft (now retired).

2.

This is an action for declaratory and injunctive relief and for compensatory and punitive damages for race discrimination in employment and for retaliation pursuant to 42 U.S.C. sections 1981, 1983, the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq, as amended; Civil Rights Act of 1991, and the Civil Rights Act of 1991.

**JURISDICTION**

3.

Plaintiff brings this action pursuant to the Equal Protection Clause of the Unites States Constitution and 42 U.S.C. section 1983.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1331 (Federal Question) 28 U.S.C section 1343(3), 28 U.S.C section 1343(4) and 42 U.S.C. Section (5) conferring original jurisdiction upon this Court of any Civil Action to recover Damages or to secure equitable relief under any Act of Congress providing for the protection of Civil Rights under the Declaratory Judgement Statute, 22 U.S.C. Section 2201,  under 42 U.S.C. Sections 1981, 1982 and 1983, and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, ET, Seq. , Civil Rights Act of 1991, Civil Rights Act of 1871 and the Fourteenth Amendment of the United States Constitution.  The Court's pendant jurisdiction of claims under Georgia State Law is invoked.

**<u>VENUE</u>**

4.

Venue is properly laid in this judicial district pursuant to 42 U.S.C. Section 2000e-5 and 28 U.S.C. Sections 1391(b), because the employment practices forming the basis of this action were undertaken within the Columbus Division of the Middle District of Georgia.

## **PARTIES**

5.

Plaintiff is a citizen of the Unites States and a resident of the State of Georgia.  Plaintiff submits herself to the jurisdiction of this Court.

6.

Defendant, OMOTAYO B. ALLI, is sued in her individual and official capacities as Director of the Georgia Public Defender Standards Council, and has a principal place of business is Fulton County, Georgia.  Defendant Alli acted in her individual and official capacities upon appointment as Director, and her conduct was done under color of state law.

7.

Defendant, CHATTAHOOCHEE JUDICIAL CIRCUIT OFFICE of the PUBLIC DEFENDER (hereafter Office of the Chattahoochee PD) is subject to the personal jurisdiction of the Court as it is a state agency and public institution located and headquartered in Georgia.

8.

Defendant, MOFFETT FLOURNOY is sued in his individual and official capacities as Chief Public Defender (hereinafter CPD) of the Muscogee County Public Defender's Office of the Chattahoochee Judicial Circuit.  Defendant Flournoy was the CPD at all times material to this action.  At all times Defendant Flournoy acted individually and officially.  His actions were done under color of state law.

9.

Defendant, PUBLIC DEFENDER STANDARDS COUNCIL, is a public entity with an office in Atlanta, Georgia and is an entity of the State of Georgia. The principal place of business is in Fulton County, Georgia.

## SERVICE OF PROCESS

10.

The chief executive officer of the Georgia Public Defender Standard's Council is Director OMOTAYO B. ALLI who may be served at her office at 104b Marietta Street, N.W. Suite 600, Atlanta, Georgia 30303.

11.

The Chief Public Defender for the Chattahoochee Judicial Circuit is MOFFETT FLOURNOY who may be served at his office at 420 10th Street, Columbus, Georgia 31901.

12.

The Director of the Risk Management Division of Administrative Services is Wade Damron who may be served at his office at Georgia Department of Administrative Services, 200 Piedmont Avenue, SE Suite 1804, West Tower, Atlanta, Georgia 30334-9010.

13.

A copy of the complaint shall be mailed to the Attorney General at his usual address by certified or statutory overnight delivery, return receipt requested with a certificate/verification attached to the copy of the complaint.

14.

The Attorney General is CHRISTOPHER M. CARR who may be mailed a copy of the complaint at the Office of the Attorney General, 40 Capitol Square SW, Atlanta, Georgia 30334.

## ADMINISTRATIVE PROOCEDINGS

### 15.

Plaintiff filed a timely Charge of Race, Gender and Retaliation Discrimination with the Equal Employment Opportunity Commission (EEOC).  On May 22, 2023, the EEOC issued a Notice of Right to Sue by U.S. Department of Justice which Plaintiff received around July of 2023.  This complaint is filed within 90 days of the date of the notice.  The notice is attached as Plaintiff's Exhibit A.

## FACTS

### 16.

Plaintiff, an African- American Female has been employed as an attorney with the Public Defender's Office in Muscogee County, Georgia since March of 2006.  At all relevant times she was ranked as an Attorney IV and is assigned to handle criminal cases in any necessary proceeding once the cases are bound over to Superior Court and assigned to her.

### 17.

Around 2017, the office began hiring a number of attorneys pursuant to additional funding.  All of the new hires were white individuals.

### 18.

Around March of 2017, concerned about the lack of minority hires, Plaintiff approached Chief Assistant Public Defender Steve Craft and inquired if the office was receiving applications from people of color.  Plaintiff had no authority related to hiring, so her inquiry was made as a concerned employee of the office.  Plaintiff approached Craft because he was the Chief Assistant of the office and was involved in administrative decisions in the office including hiring.

19.

Among other comments, S. Craft advised Plaintiff that they did not want to lower standards.  Plaintiff promptly responded that the office did not have to lower standards in order to hire people of color.  S. Craft did not alter or retract his comment.

20.

Approximately two days later, Plaintiff reported S. Craft's comment to Defendant Flournoy in his office.  Plaintiff believed she was reporting an unlawful practice and conduct by S. Craft.

21.

After Plaintiff believed she was being punished for reporting S. Craft, by being remanded and assigned to a second court, Plaintiff, through counsel, contacted the PDSC by certified mail and advised of the unlawful actions occurring in the office.  After more than two certified letters were mailed, Plaintiff filed an EEOC claim in 2019 regarding the comment and other discrimination including: unusual meetings and an assignment for the first time to a second court.

22.

In 2020, for the first time since M. Flournoy became CPD in 2013, he performed an evaluation of Plaintiff.

23

M. Flournoy's evaluation advised that Plaintiff's work work was improving, although he had never once met with Plaintiff about her work or expressed any concern about any deficiency in her work.

24.

The only evaluation ever received by Plaintiff was under the previous administration of Bob Wadkins. Wadkins gave Plaintiff a perfect evaluation and recommended a raise.

25.

At that time, M. Flournoy was the supervisor of the division in which Plaintiff worked, and he did not dispute the evaluation results.

26.

During this time, Plaintiff also learned that she was being compensated less than similarly situated mostly white males.

27.

The employee are: John Wilson, (white male) who at the time of the EEOC filing was ranked as an attorney III and received more than $10,000 greater than the Plaintiff; Rusty Zimmerman (white male) who was ranked as an attorney IV and received more than $10,000 greater than the Plaintiff; Eric Webb (white male) who was ranked as an attorney III and received approximately more than $7,000 greater than the Plaintiff, and the now Chief Assistant Jose Guzman who at the time was ranked as an attorney IV and received more than $10,000 greater than the Plaintiff.

28.

Upon learning this, the Plaintiff added this allegation to her EEOC Charge.

29.

Subsequently to Plaintiff's EEOC filing, the attorneys who were ranked as attorney III have been elevated to attorney IV rankings.

## CLAIMS FOR RELIEF/CAUSES OF ACTION

## COUNT I.

**Race Discrimination in violation of the Equal Protection Clause of the United States Constitution; 42 U.S.C. section 1983.**
**(Alleged against all Defendants:  Defendant Flournoy and the Office of the Chattahoochee Public Defender and Defendant Alli and the Public Defender Standards Council).**

### Defendant Flournoy and the Office of the Chattahoochee PD:

30.

All preceding paragraphs are incorporated herein by reference.

31.

Plaintiff is a member of a protected class (African-American) and was retaliated against by receiving a less than favorable evaluation.  Plaintiff has also received less compensation for the same work than other similarly situated mostly white males.

32.

The contractual employment relationship between the Plaintiff and Defendant Flournoy gives rise to a cause of action for racial discrimination.

33.

Defendant Flournoy and the Office of the Chattahoochee PD in their official capacity are governmental entities subject to the Fourteenth Amendment as applied through 42 U.S.C. section 1983, and Defendant is a person as defined by relevant case law interpreting 42 U.S.C. section 1983.

34.

Defendant Flournoy and the Office of the Chattahoochee PD's racial discrimination against Plaintiff violates the Equal Protection Clause of the Fourteenth Amendment, thus entitling Plaintiff to all appropriate relief provided under 42 U.S.C. section 1983 and Title VII.

35.

Defendant Flournoy and the Office of the Chattahoochee PD applied a practice and custom that discriminated on the basis of race, and thus violated Plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution, enforced via 42 U.S.C. section 1983.

36.

Defendant Flournoy and the Office of the Chattahoochee PD discriminated against Plaintiff by denying her equal consideration in the evaluation process and equal compensation for the same work, which is part of a larger scheme, policy and practice of discrimination on the basis of race.

37.

Defendant Flournoy and the Office of the Chattahoochee PD, acting under color of law, used their authority over Plaintiff to carry out illegal racial discrimination against Plaintiff.

38.

Defendant Flournoy and the Office of the Chattahoochee PD took these actions as part of an unofficial government policy or custom which discriminates against employees based upon race.

39.

Defendant Flournoy and the Office of the Chattahoochee PD did so in violation of clearly established constitutional and statutory authority that such actions are a violation of the law.

40.

At all times relevant, Defendant Flournoy was Chief Public Defender of the Chattahoochee Judicial Circuit Office of the Public Defender.  He used his position to implement and carry out a custom, policy and procedure of racial discrimination.

41.

Defendant Flournoy directly caused a violation of Plaintiff's rights and so acted under color of law of the state, regulations, customs and usages of his office in violation of 42 U.S.C. section 1983.

42.

Defendant Flournoy and the Office of the Chattahoochee PD's actions were willful, wanton, and intentionally directed to cause Plaintiff harm.

43.

Defendant Flournoy and the Office of the Chattahoochee PD's actions were reckless and were taken in willful disregard of the probable consequences of his actions.

44.

As a result of Defendant Flournoy and the Office of the Chattahoochee PD's actions, Plaintiff suffered lost compensation, advancement, and injury to her reputation as well as mental and emotional distress.

45.

Plaintiff was damaged by Defendant Flournoy and the Office of the Chattahoochee PD's actions in an amount to be proven at trial.  Plaintiff is entitled to equitable and monetary relief as set forth in her Prayers for Relief below.

**(Count I; Racial Discrimination in violation of the Equal Protection Clause of the U.S. Constitution; 42 U.S.C. section 1983.**

**<u>DEFENDANT ALLI and the Public Defender Standards Council:</u>**

46.

All preceding paragraphs are incorporated herein by reference.

47.

Defendant Alli, acting under color of law, used her authority as Director of the PDSC to carry out racial discrimination against the Plaintiff.

48.

After her appointment and all times relevant thereafter, Director Alli and the PDSC used their authority to implement and carry out a custom, policy and procedure of racial discrimination.

49.

Defendant Alli and the PDSC's actions were reckless and taken in willful disregard of the probable consequences of her actions.

50.

As a result of Defendant Alli and the PDSC's conduct, Plaintiff has suffered lost compensation and advancement as well as mental and emotional distress.

51.

Defendant Alli and the PDSC, proximately caused this violation of Plaintiff's rights and so acted under color of law of state law, regulations, customs and usages of the Public Defender Standards Council in violation of 42 U.S.C. section 1983.

52.

Defendant Alli's actions were willful, wanton, and intentional.

53.

As Director of the Public Defender Standards Council, Defendant Alli has authority over the various local public defender offices.  She is in an agency relationship with each of these offices.  By failing to act, she has ratified and condoned the unlawful conduct against Plaintiff making it possible for Plaintiff to endure racial discrimination.  Defendants Alli and the PSDC have responsibility for Plaintiff's conditions of employment such as compensation in the form of raises.

54.

Plaintiff was damaged by Defendant Alli and the PDSC's actions in an amount to be proven at trial.  Plaintiff is entitled to equitable and monetary relief as set forth in her Prayers for Relief below.

## COUNT II.

**RACE DISCRIMIATION in violation of 42 U.S.C. section 2000e, ET SEQ. (Title VII) (Alleged against all Defendants: Defendant Flournoy and the Office of the Chattahoochee Public Defender and Defendant Alli and the Public Defender Standards Council)**

**Defendant Flournoy and the Office of the Chattahoochee PD:**

55.

All preceding paragraphs are incorporated herein by reference.

56.

The effects of Defendant Flournoy and the Office of the Chattahoochee PD's above-stated actions of discrimination against Plaintiff because of her race (African- American) has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, income in the form of wages, prospective retirement benefits, social security and other benefits due them as workers solely because of race.  Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendant's policies and practices as set forth in this Complaint, including but not limited to lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damage to reputation and deprivation of rights under federal law.

57.

As a direct and proximate result of Defendant Flournoy and the Office of the Chattahoochee PD's actions, or inaction as described herein, Plaintiff was subjected to discrimination based upon race in violation of Title VII.

58.

In regard to Count II of this Complaint, Defendant Flournoy has acted intentionally, willfully. maliciously, arbitrarily and capriciously, and in bad faith.

59.

Plaintiff is entitled to equitable and monetary relief for Defendant Flournoy and the Office of the Public Defender's violations of Title VII of the Civil Rights Act of 1964 as amended.

**(Count II; RACE DISCRIMINATION in violation of 42 U.S.C. section 2000e, ET SEQ. (Title VII).**

**Defendant Alli and the Public Defender Standards Council:**

60.

All preceding paragraphs are incorporated herein by reference.

61.

The effects of Defendant Alli and the PDSC's above-stated actions of discrimination against Plaintiff because of her race (African-American) has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, income in the form of wages, prospective retirement benefits, social security, and other benefits due them as worker solely because of race. Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendant Alli and the PDSC's practices as set forth in this Complaint, including but not limited to, lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damage to reputation, and deprivation of rights under federal law.

62.

As a direct and proximate result of Defendant Alli and the PDSC's actions, or inaction, as described herein, Plaintiff was subjected to discrimination based upon race in violation of Title VII.

63.

In regard to Count II of this Complaint, Defendant Alli and the PDSC have acted intentionally, willfully, maliciously, arbitrarily and capriciously, and in bad faith.

64.

Plaintiff is entitled to equitable and monetary relief for Defendant Alli and the PDSC 's violations of Title VII of the Civil Rights Act as amended and set forth in the Prayers for Relief below.

## COUNT III.

### RETALIATION in violation of 42 U.S.C. section 1981, asserted via 42 U.S.C.  section 1983
**(Alleged against all Defendants)**

### Defendant Flournoy and the Office of the Chattahoochee PD:

65.

All preceding paragraphs are incorporated herein by reference.

66.

The employment relationship between Plaintiff and Defendant is a contract within the meaning of 42 U.S.C. section 1981 which gives rise to a cause of action where retaliation because of good faith complaints of race discrimination, practices or policies is alleged to be the cause of adverse employment action.

67.

Plaintiff engaged in protected activity by reporting the discriminatory comment of Craft to Defendant Flournoy.  Flournoy and the Office of the Chattahoochee PD's actions of denying Plaintiff a fair evaluation and continuing to compensate Plaintiff at a lower rate than similarly situated mostly white males, has violated 42 U.S.C. section 1981.

68.

As a direct and proximate result of Defendant Flournoy and the Chattahoochee PD's violation of 42 U.S.C. section 1981, by action or inaction, as described herein, Plaintiff was subjected to unlawful retaliation by Defendant Flournoy and the Office of the Chattahoochee PD causing Plaintiff to suffer damages consisting of but not limited to economic loss, emotional distress, humiliation and damage to reputation.

69.

In regard to Count III. of this Complaint, Defendant Flournoy and the Office of the Chattahoochee PD have acted intentionally, willfully, maliciously, arbitrarily, capriciously and in bad faith.

70.

As a direct and proximate result of Defendant Flournoy and the Chattahoochee PD's actions against Plaintiff, she has been damaged and is entitled to relief as set forth in her Prayers for Relief below.

**Count III; Retaliation in violation of 42 U.S.C. section 1981; asserted via 42 U.S.C. section 1983.**

**Defendant Alli and the Public Defender Standards Council**:

71.

All preceding paragraphs are incorporated herein by reference.

72.

The agency relationship between Defendant Alli and the PDSC and Defendant Flournoy and the Office of the Chattahoochee PD, and the employment of Plaintiff is a contract within the meaning of 42 U.S.C. section 1981

which give rise to a cause of action where retaliation because of good faith complaints of race discrimination, practices, or policies is alleged to be the cause of adverse employment action.

73.

Defendant Alli and the PDSC's are in an agency relationship with Defendant Flournoy and the Office of the Chattahoochee PD.  Defendant Alli and the PDSC permitted and condoned Defendant Flournoy and the Office of the Chattahoochee PD's unlawful and discriminatory behavior against Plaintiff in violation of 42 U.S.C. section 1981. Defendant failed to supervise the office in which Plaintiff is employed as required.

74.

As a direct and proximate result of Defendant Alli and the PDSC's actions against Plaintiff, the Plaintiff has been damaged and is entitled to the relief set forth in her Prayers for Relief below.

**Count IV.**

**RETALIATION IN VIOLATION OF TITEL VII**

**Defendant Flournoy and the Office of the Chattahoochee PD:**

75.

All preceding paragraphs are incorporated herein by reference.

76.

The effect of Defendant Flournoy and the Office of the Chattahoochee PD's retaliation against Plaintiff because of her good faith complaints regarding unlawful race discrimination including acts and policies has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities including the right to work in an environment free of hostile,

retaliatory treatment, the opportunity for advancement, income in the form of wages, prospective retirement benefits, social security and other benefits solely due to race.  Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendant Flournoy and the Office of the Chattahoochee PD's policies and practices including, but not limited to, lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damages to reputation and deprivation of rights under federal law.

77.

As a direct and proximate result of Defendant Flournoy and the Office of the Chattahoochee PD's actions or inaction, as described herein, Plaintiff was subjected to unlawful retaliation because of her complaints regarding unlawful race discrimination.

78.

In regard to Count IV of this Complaint, Defendant Flournoy and the Office of the Chattahoochee PD has acted intentionally, willfully, maliciously, arbitrarily, capriciously and in bad faith.

**(Count IV. Retaliation in violation of Title VII).**
**Defendant Alli and the Public Defender Standards Council:**

79.

All preceding paragraphs are incorporated herein by reference.

80.

The effect of Defendant Alli and the PDSC's retaliation against Plaintiff because of her good faith complaints, regarding unlawful race discrimination including acts and policies has been to deprive Plaintiff and other similarly situated employees' opportunities including: the right to work in an environment free of hostile, retaliatory treatment, the opportunity to advance, income in the form of wages, prospective retirement benefits, social security and other benefits

solely due to race.  Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendant Alli and the PDSC's policies and practices including, but not limited to, lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damages to reputation and deprivation of rights under federal law.

### 81.

In regard to Count IV. of this Complaint, Defendant Alli and the PDSC have acted intentionally, willfully, maliciously, arbitrarily, capriciously and in bad faith.

## COUNT V.

## GENDER DISCRIMINATION in violation of Title VII; 42 U.S.C. section 1981; (Alleged against all Defendants)

## Defendant Flournoy and the Office of the Chattahoochee PD

### 82.

All preceding paragraphs are incorporated herein by reference.

### 83.

The effect of Defendant Flournoy and the Office of the Chattahoochee PD's discrimination against Plaintiff because of her gender (African-American Female) has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, wages, prospective retirement benefits, social security, and other benefits due them as workers solely because of race.  Plaintiff and other similarly situated employees have suffered and are now suffering, and will continue to suffer irreparable injury from Defendant Flournoy and the Office of the Chattahoochee PD's policies and practices as set forth in this Complaint, including but not limited to, lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damage to reputation, and deprivation of rights under federal law.

84.

As a direct and proximate result of Defendant Flournoy and the Office of the Chattahoochee PD's actions or inaction as described herein, Plaintiff was subjected to discrimination based upon and gender (and race).

85.

In regard to Count V of this Complaint, Defendant Flournoy and the Office of the Chattahoochee PD have acted intentionally, willfully, maliciously, arbitrarily, capriciously and in bad faith.

86.

This violation of rights was proximately caused by Defendant Flournoy and the Office of the Chattahoochee PD action under color of state law, regulations, customs, or practices and usages of the Office of the Chattahoochee PD in violation of Title VII, 42 U.S.C. section 1981.

87.

Plaintiff is entitled to equitable and monetary relief from Defendant Flournoy and the Office of the Chattahoochee PD's violation of Title VII as set forth in her Prayers Request below.

**Count V. Gender Discrimination in violation of Title VII; 42 U.S.C. section 1981. Defendant Ali and the Public Defender Standards Council:**

88.

All preceding paragraphs are incorporated herein by reference.

89.

Defendant Alli and the PDSC, and Defendant Flournoy, the Office of the Chattahoochee PD are an agency relationship. Defendant Alli and the PDSC have supervising authority over the local public defender office such as the Chattahoochee Public Defender Office headed by Defendant Flournoy.

90.

The effect of Defendant Alli and the PDSC's discrimination against the Plaintiff because of her gender (African-American) has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, wages, prospective retirement benefits, social security, and other benefits due them as workers solely because of gender.  Plaintiff and other similarly situated employees have suffered and are now suffering and will continue to suffer irreparable injury from Defendant Alli and PDSC's policies and practices as set forth in this Complaint, including but not limited to, lost wages, benefits of employment, mental and emotional distress, humiliation, outrage, damage to reputation, and deprivation of rights under Federal Law.

91.

As a direct and proximate result of Defendant Alli and the PDSC's action or

inaction, as described herein, Plaintiff was subjected to discrimination based upon gender.

92.

In regard to Count V. of this Complaint, Defendant Alli and the PDSC have acted intentionally, willfully, maliciously, arbitrarily, capriciously and in bad faith.

93.

Plaintiff is entitled to equitable and monetary relief from Defendant Alli and the PDSC's violations of Title VII as set forth in her Prayers Request below.

## COUNT VI.

## HOSTILE WORK ENVIORNMENT in violation of Title VII
(**Alleged against all Defendants**)

### Defendant Flournoy and the Office of the Chattahoochee PD:

94.

All preceding paragraphs are incorporated herein by reference.

95.

This violation of rights was proximately caused by Defendant Flournoy and the Office of the Chattahoochee PD under color of state law, regulations, customs, or practices and usages of the Office of the Chattahoochee PD in violation of Title VII; 42 U.S.C. section 1981.

96.

Defendant Flournoy and the Office of the Chattahoochee PD's actions of, making a false accusation about her performance and denying equal compensation deprived Plaintiff of an appropriate work environment in violation of 42 U.S.C. sections 1983 & 1981.

97.

As a direct and proximate result of Defendant Flournoy and the Office of the Chattahoochee PD's actions against Plaintiff, she has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**(Count VI; Hostile Work Environment in violation of Title VII.
Defendant Alli and the Public Defenders Standards Council:**

98.

All preceding paragraphs are incorporated by reference.

99.

As Director of the Georgia Public Defender Standards Council, Defendant Alli is in an agency/supervising position for all of the local public defender offices including the Office of the Chattahoochee Public Defender headed by Defendant Flournoy.

100.

Defendant Alli and the PDSC's actions of refusing to respond to Plaintiff about her conditions, enabling and supporting Defendant Flournoy and the Office of the Chattahoochee PD in the unlawful actions against Plaintiff have deprived the Plaintiff of an appropriate work environment in violation of 42 U.S.C. section 1981.

101.

This violation was proximately caused by Defendant Alli and the PDSC acting under state law, regulations, customs or practices and usages of Defendant Alli in her capacity as Director of the Public Defender Standards Council.  In violation of 42 U.S.C. sections 1983 & 1981.

102.

As a direct and proximate result of Defendant Alli and the PDSC's actions against the Plaintiff, she has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following

relief be granted:

A.      That this court take jurisdiction of this matter;

B.      That process be served; Defendants have previously been served;

C.      That the Plaintiff be awarded a declaratory judgement that the Defendants violated 42 U.S.C. sections 1983 and 1981;

D.      That this Court enter a permanent injunction, prohibiting

Defendants from engaging in unlawful practices in violation of 42 U.S.C. Sections

1983 and 1981;

E.      That the Court award Plaintiff back and front pay in an amount to

be determined by the trier of fact;

F.       That the Court award compensatory damages in an amount to be determined by the trier of fact;

G.       That the Court award Plaintiff punitive damages against

Defendants in an amount to be determined by the trier of fact;

H.       That the Court award Plaintiff her costs in this action and reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, 42 U.S.C. Section

2000e-5(k) and other applicable laws;

I.       That the Court grant to Plaintiff the right to trial by jury on all

issues triable to a jury; and

J.       That the Court grant such additional relief as the Court deems

proper and just.

Respectfully submitted, this 16th day of August, 2023.

*s/s J. Mark Shelnutt*
Mark Shelnutt, Esq
Ga Bar No. 004020

*s/s Nancy B. Miller*
Nancy B. Miller
GA Bar No. 508040

The Law Office of J. Mark Shelnutt and
William J. Kendrick, II
230 12th Street, Suite 600
Columbus, GA 31901
706.324.4343
Email:  legalsecretary@shelnuttlaw.com; jms@shelnuttlaw.com;
nmiller@columbusga.org