```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

NANCY B. MILLER,                  *

    Plaintiff,                   *

vs.                               *
                                       CASE NO. 4:23-CV-151 (CDL)
GEORGIA PUBLIC DEFENDER          *
STANDARDS COUNCIL, *et al.*,
                                  *

    Defendants.
                                  *

## O R D E R

Nancy Miller is an attorney with the Chattahoochee Circuit Public Defender's Office. She alleges that she was subjected to race and gender discrimination, retaliation, and a hostile work environment based on events that occurred in 2017, 2019, and 2020. Defendants filed a motion to dismiss this action because Miller's claims are barred by *res judicata*. Instead of responding to Defendants' motion to dismiss, Miller filed a motion for leave to amend her complaint, as well as a motion to "toll case activity" until the Equal Employment Opportunity Commission issues a right-to-sue letter on her most recent charge of discrimination. As discussed below, the Court grants the motion to dismiss (ECF No. 7) and denies both of Miller's motions (ECF Nos. 8 & 9).

## DISCUSSION

Miller is a black female attorney in the Public Defender's Office. This is the second civil action she has brought against

her employer based on alleged discrimination and retaliation. In both actions, Miller alleges that in 2017 she expressed concern about the lack of minority hires to the chief assistant public defender. The chief assistant responded that the office did not want to lower standards; Miller stated that there was no need to lower standards to hire people of color. Miller promptly reported the chief assistant's comments to Moffett Flournoy, the chief public defender. Miller believed that her workload was increased in retaliation for this report. Miller also received a reprimand around the same time because she endangered one of her client's cases by failing to sign an appeal.

Miller filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2019. Then, in 2020, Flournoy gave Miller a performance evaluation which advised Miller that her work "was improving." Compl. ¶ 23, ECF No. 1. "During this time," Miller learned that she was compensated "less than similarly situated mostly white males." *Id.* ¶ 26. She updated her EEOC charge to include this issue. After the EEOC issued a right-to-sue letter, Miller filed an action in this Court in 2021, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1983/the Fourteenth Amendment's Equal Protection Clause, and 42 U.S.C. § 1981. The Court dismissed that action because Miller's Title VII and § 1983 claims were untimely and her complaint failed to

2

state a claim under § 1981. *Miller v. Georgia Pub. Def. Standards Council*, No. 4:21-CV-129 (CDL), 2022 WL 2678654, at *1 (M.D. Ga. July 11, 2022). The Court also denied Miller's motion to amend her complaint for a third time. *Id.* at *5. Miller appealed. A panel of the Eleventh Circuit affirmed, concluding that Miller's Title VII and § 1983 claims were untimely and that she failed to state a claim under § 1981. *Miller v. Alli*, No. 22-12729, 2023 WL 7923888 (11th Cir. Nov. 16, 2023) (per curiam).

While her appeal was pending, Miller filed this action, alleging the same basic facts regarding events that occurred in 2017, 2019, and 2020 but omitting her previous allegation that her reprimand for failing to sign an appeal was in retaliation for her report of discrimination. She asserts the following claims, which mirror those she asserted in her previous action:

- Race discrimination claims against all Defendants under 42 U.S.C. § 1983/the Equal Protection Clause, and Title VII;
- Retaliation claims against all Defendants under 42 U.S.C. § 1981 and Title VII;
- Title VII sex discrimination claims against all Defendants; and
- Title VII hostile work environment claims against all Defendants.

In her present motion for leave to amend, Miller alleges additional facts about the 2017, 2019, and 2020 events.

Defendants filed a motion to dismiss, arguing that Miller's claims in the present action are barred by *res judicata*. "The

3

doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Solis v. Glob. Acceptance Credit Co., L.P.*, 601 F. App'x 767, 770 (11th Cir. 2015) (per curiam) (quoting *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013)). Since Miller's prior action under Title VII, § 1983, and § 1981 was decided by a federal court exercising federal question jurisdiction, the Court must apply federal preclusion principles. *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1316 (11th Cir. 2003). Under those principles, Defendants must establish: "(1) the prior decision [was] rendered by a court of competent jurisdiction; (2) there [was] a final judgment on the merits; (3) both cases . . . involve[d] the same parties or their privies; and (4) both cases . . . involve[d] the same causes of action." *Solis*, 601 F. App'x at 770 (quoting *Lobo*, 704 F.3d at 892).

Here, Miller did not respond to the motion to dismiss. She does not dispute that both her present action and her previous action involve the same parties. She does not dispute that the Court's prior decision was a final judgment on the merits rendered by a court of competent jurisdiction. And she does not dispute that the present action, including the allegations presented in her motion for leave to amend, arises out of the same nucleus of operative facts as the prior action. Thus, "the two cases are

4

really the same 'claim' or 'cause of action' for purposes of res judicata." *Id.* (quoting *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010)) (noting that if the "the underlying core of facts is the same in both cases, such that the present claim could have been effectively litigated with the prior one," then res judicata applies). For all these reasons, Miller's present action is barred by *res judicata* and is therefore dismissed.

Miller did file a motion for leave to amend her complaint to assert new claims. She represents that she filed a new EEOC charge based on conduct that occurred two years after the conduct that formed the basis of her original complaint. Miller's motion for leave to amend does not contain any factual allegations about this conduct, but she does contend that it is a "separate matter," and she seeks to toll this action pending receipt of a right-to-sue letter from the EEOC. Mot. to Toll ¶ 2, ECF No. 9. Miller does not allege that she has exhausted administrative remedies for these new claims; indeed, she acknowledges that she has not yet received a right-to-sue letter. Accordingly, even if Miller had articulated a factual basis for her new proposed claims, those claims based on an unexhausted EEOC charge are premature. *See* 42 U.S.C. § 2000e-5(f)(1) (stating that a civil action may filed "within ninety days after" a person aggrieved receives a right-to-sue notice from the EEOC); *see also Forehand v. Fla. State Hosp. at Chattahoochee*, 89

5

F.3d 1562, 1567 (11th Cir. 1996) ("Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge.").  For these reasons, Miller's motion for leave to amend and her motion for tolling (ECF Nos. 8 & 9) are denied.

CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion to dismiss (ECF No. 7) and denies both of Miller's motions (ECF Nos. 8 & 9).

IT IS SO ORDERED, this 28th day of November, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA